# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 08mj8 |
| vs. | ORDER FOR PRETRIAL DETENTION |
| THOMAS REINHART, | |
| Defendant. | |

On the 18th day of January, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Chadwicke L. Groover. The Defendant appeared personally and was represented by Attorney Jane Kelly.

## RELEVANT FACTS

On January 14, 2008, Defendant Thomas Reinhart was charged by Criminal Complaint (docket number 1) with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At the conclusion of the hearing on January 18, 2008, the Court found that there was probable cause to believe that Defendant committed the offense charged.

Officer Steve Warner, with the High Risk Unit of the Iowa Department of Correctional Services, testified that he is currently assigned to the DEA Task Force. In that capacity, he and other officers went to an apartment on A Avenue in Cedar Rapids on December 7, 2007, looking for Scotty Abram, who had absconded from probation. A state court warrant had been issued for Abram's arrest. When they arrived at the apartment, Defendant Thomas Reinhart opened the door and the officers saw Abram inside.

1

Abram was arrested pursuant to the warrant and officers conducted a limited search of the one-bedroom apartment for the officers' safety and to determine whether there were any other fugitives present. According to Officer Warner, drug paraphernalia and a plate of marijuana were found in plain view next to the bed. Also found under the bed was a loaded .40 caliber handgun, with a round in the chamber. Officers then obtained a state court search warrant and upon further search found methamphetamine in the living room and numerous items associated with the manufacture of methamphetamine.

Defendant was *Mirandized* and interviewed by officers. Defendant told officers that he lived at the apartment. Defendant admitted that he knew the handgun was present, but denied that it belonged to him. Defendant also admitted being a methamphetamine and marijuana user, but denied the manufacture of methamphetamine.

Approximately five weeks later, on January 13, 2008, Hiawatha Police Officer McTaggart observed a suspicious vehicle. When McTaggart made "eye contact" with the vehicle's occupants, it suddenly stopped, reversed course, and parked illegally. Officer McTaggart observed two white males exit the vehicle and enter a nearby apartment. Cedar Rapids Police Officers were then called for assistance.

Upon arriving at the scene, officers of the Cedar Rapids Police Department looked inside the vehicle and observed 2-liter bottles with holes in the caps, a cooler on the floor with a frost line, and a strong smell of ammonia. Officer Warner testified that those items are consistent with the manufacture of methamphetamine. When officers approached the apartment, however, no one would answer the door. Accordingly, the officers obtained a state court search warrant.

The search warrant was executed during the early morning hours of January 14, 2008. Task Force Officer Yount recognized the vehicle as that of Defendant and, therefore, the Special Response Team was called in to execute the warrant, due to concerns regarding the possible possession of another weapon. Present in the apartment when the search was executed were Defendant and Abram (both white males) and Melissa Duke (identified as Defendant's girlfriend). A search of the two-bedroom apartment resulted in

the discovery of white powder, drug paraphernalia, lithium batteries, a digital scale, glass pipes and a bong, and ephedrine. Also, the apartment smelled strongly of ammonia.

Officer Warner testified that Defendant denied any association with the vehicle. Found under the bed in the Defendant's bedroom, however, were the keys to the vehicle. Officer Warner testified that Defendant admitted that it was his bedroom and some of his belongings were found in the bedroom. A subsequent search of the vehicle revealed a loaded 9mm handgun, with a round in the chamber, located between the seats. Also found in the vehicle were a rifle scope and a receipt for lithium batteries made out to Defendant.

A review of the Pretrial Services Report reflects that Defendant was convicted in 1996 for statutory rape. In 1997, Defendant was convicted in Virginia of grand larceny and received a three-year suspended prison term. In 1999, however, Defendant's probation was revoked and he was sent to prison. Defendant was apparently released in 2001, but violated his parole by traveling to Iowa. He was charged in Linn County with being a fugitive from justice and, after having been convicted of eluding in Linn County, was sent back to Virginia. Defendant's parole was revoked and he went back to prison. Defendant was released from prison in 2003, when he returned to Iowa. While Defendant was out of prison in 2001, he was also convicted of larceny of a motor vehicle in North Carolina. Defendant was also convicted of failure to appear in Virginia in 1999.

Defendant is separated from his wife and has been unemployed since 2005. Since that time, he has been self-employed as a general contractor and his wife reports that he also works on cars. Defendant admitted using marijuana once a week until four months ago and using methamphetamine once a week until just prior to his arrest. According to Defendant, he suffers from Lupus and should be taking medication.

While Defendant did not offer any evidence at the time of hearing, he proffered a "release plan," which would include returning to live with his wife in Central City and obtaining employment at the Urbana Salvage Yard. Defendant's wife reported to the Pretrial Services Officer that the Defendant could return to her home to live with her and the children if he is released.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.,* requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant admits that he is a regular user of methamphetamine. On December 7, 2007, drugs and drug paraphernalia were found in an apartment occupied by Defendant, with a loaded .40 caliber handgun found under his bed. Just more than one month later, Defendant was found in a motor vehicle containing items associated with the manufacture of methamphetamine and a loaded 9mm handgun found between the seats. Defendant has previously demonstrated an inability to follow conditions regarding probation and parole. Defendant admits absconding to another state while on parole in Virginia and has been convicted of failure to appear.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDER**

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (January 15, 2008) to the filing of this Ruling (January 18, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 18th day of January, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA